## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

CARL C. GILBERT, JR.,

      Plaintiff,

      v.                                           Case No. 06-CV-1005

MATTHEW J. FRANK, WARDEN PHIL KINGSTON,
JAMIE FEUCHT, STEVE CASPERSON,
LT. CLOUGH, CAPT. O'DONOVAN,
JOHN DOE, *Sued as John Does 1 to 5,000*,

      Defendants.

_____

## ORDER

On October 31, 2006, pro se plaintiff Carl Gilbert, Jr., filed a motion to strike and for reconsideration of this court's order dated October 10, 2006, denying Gilbert in forma pauperis status because Gilbert has accumulated over three "strikes" pursuant to 28 U.S.C. § 1915(g), and concluding that Gilbert was not in imminent danger of serious physical injury. The order also informed Gilbert that he was required to pay the full amount of the $350.00 filing fee within 20 days from the date of the order, or his case would be dismissed without prejudice and without further notice from the court.

Under Federal Rule of Civil Procedure 60(b), upon motion, a court may relieve a party from certain substantive errors in a final judgment or order. *Id.* Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994).

In his motion for reconsideration, Gilbert reiterates the claims he raised in his complaint, asserting that the defendants violated his civil rights by, among other things, precluding Gilbert's access to courts and physically, mentally, and emotionally harming him. Gilbert asserts that the court's decision to deny Gilbert in forma pauperis status under 28 U.S.C. § 1915 is unconstitutional. Gilbert also states that, accepting the claims in his complaint as true, the allegations in his complaint demonstrate that he is in imminent danger of serious physical injury. Therefore, Gilbert asserts, he qualifies for the imminent danger exception to § 1915(g)'s "three strikes" rule.

Gilbert's conclusory assertions that he is in imminent danger of serious physical injury do not demonstrate that he qualifies for the imminent danger exception to § 1915(g)'s "three strikes" rule. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is serious physical injury . . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). As the court explained in its October 10, 2006 order, any alleged denial of medical care may be of the plaintiff's own doing, and Gilbert's other allegations refer to threats of non-serious or non-physical injuries, or to past injuries. The allegations in Gilbert's complaint and in his motion for reconsideration, taken as true, do not lead the court to conclude that Gilbert is in imminent danger of serious physical injury. *See Ciarpaglini,* 352 F.3d at 330 (holding that a plaintiff's allegations of a past injury that has not recurred does

not justify in forma pauperis status). In light of the foregoing, the court concludes that Gilbert does not present exceptional circumstances to warrant Rule 60(b) relief. Accordingly, the court is obliged to deny Gilbert's motion to strike and for reconsideration of the court's order dated October 10, 2006.

Finally, as noted above, the order dated October 10, 2006, directed Gilbert to pay the full amount of the $350.00 filing fee to the clerk of the court within 20 days from the date of that order, and notified Gilbert that failure to timely pay the filing fee would result in the dismissal of his case without prejudice and without further notice from the court. As of the date of this order, Gilbert has not paid the filing for this case and over 20 days from the date of the October 10, 2006 order have passed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to strike and for reconsideration (Docket # 5) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 6) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket # 1) be and the same is hereby **DISMISSED** without prejudice.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J. P. STADTMUELLER
U.S. District Judge